Nicolas C. Wilde
Federal Bar No.: UT15768
Texas Bar Number: 24129400
Law Office of Nicolas C. Wilde LLC
32 West 200 South PMB # 123
Salt Lake City, Utah 84101
Telephone: (801) 949-3088
Email: nick@ncwildelaw.com

Cesar E. Amador
Federal Bar No.: 3341377
Texas Bar Number: 24105367
Cesar A. Amador
Federal Bar No.: 8966
Texas Bar Number: 01136040
Amador Law Firm
2406 Thors Hammer Blvd.
Brownsville, Texas 78526
Telephone: (832-757-1210)
Email: amador@amadorfirm.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS: BROWNSVILLE DIVISION**

| | |
|---|---|
| Ignacia Carmona, individually, as the Independent Administrator (*pending court approval*) for the Estate of Veronica Peranez Carmona, and as the next friend for (1) G.H., (2) V.A.H., (3) R.P., (4) E.P., (5) R.C.P., (6) J.D.P., and (7) C.I.P.<br><br>Plaintiffs,<br><br>v.<br><br>The City of Brownsville; Jesus Olvera, *in His Individual and Official Capacity*; Pedro Dominguez, *in His Individual and Official Capacity*; and John Doe Defendants 1–15 | **Objection to Magistrate's Report and Recommendation as to the City of Brownsville's Motion to Dismiss, ECF No. 36**<br><br>Case No. 1:23-cv-84<br><br>District Judge Fernando Rodriguez Jr.<br><br>Magistrate Judge Karen Betancourt<br><br>***Oral Argument Requested*** |

Plaintiffs, through undersigned counsel, respectfully submit this Objection to United States Magistrate Judge Karen Betancourt's August 16, 2023, Report and Recommendation as to the City of Brownsville's Motion to Dismiss, (ECF No. 36).

As explained below, the Court should SUSTAIN Plaintiffs' Objection because—with the greatest of respect to the Magistrate and her chambers—the Magistrate's analysis constitutes error. Further, Plaintiffs respectfully request oral argument on their Objections.

**Rule 12(b)(6) Standard**

The plausibility standard is well-established. "To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead 'enough facts to state a claim to relief that is **plausible** on its face.'" *Jackson v. CVS Pharmacy*, No. 4:22-CV-3166, 2023 WL 4373007, at *1 (S.D. Tex. July 6, 2023) (bold added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 662. "The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims." *Alvarado v. Texas Health & Hum. Servs. Comm'n*, No. 5:19-CV-0106-JKP, 2020 WL 4677304, at *3 (W.D. Tex. Aug. 12, 2020). "Under this standard, the court 'construes the complaint liberally in favor of the plaintiff,' 'takes all facts pleaded in the complaint as true,' and considers whether 'with every doubt resolved on the [plaintiffs'] behalf, the complaint states any valid claim for relief.'" *Alexander v. Linthicum*, No. CV H-22-3749, 2023 WL 3938881, at *2 (S.D. Tex. June 9, 2023).

Importantly here, "[a] motion under Rule 12(b)(6) tests the formal sufficiency of the plaintiffs' statement of their claim for relief, *and cannot be used to resolve factual issues or the merits of the case*." *Eaton v. Aurora Loan Servs., L.L.C.*, No. 4:13CV172, 2013 WL 12407194, at *1 (E.D. Tex. Aug. 23, 2013) (emphasis added).

**Argument**

As explained below, Plaintiffs object to both the factual findings and the legal conclusions of the Magistrate's legal analysis related to **(I)** "Failure to Train," (ECF No. 36 at 7–12) **(II)** "Failure to Supervise," (ECF No. 36 at 12–13) and **(III)** "Failure to Promulgate," (ECF No. 13–15).

## I. Plaintiffs Object to the Magistrate's Factual Findings and Legal Conclusions Contained in the "Failure to Train" Section of her Recommendation.

Adoption of the Magistrate's analysis related to "Failure to Train" will constitute error. The Magistrate erred in **(A)** her factual findings and **(B)** her legal conclusions.

### A. The Magistrate Erred in Her Finding that "the City of Brownsville Properly Trained Olvera and Dominguez" and in Failing to Recognize that Plaintiffs May Plead Alternative Claims at the Pleading Stage

Plaintiffs object because the Magistrate erred (1) in finding that "the City of Brownsville properly trained Olvera and Dominguez" and (2) in failing to recognize that Plaintiffs may plead alternative claims at the pleading stage.

1. The Magistrate's Factual Finding that the City "Properly Trained Olvera and Dominguez" Violates the *Iqbal/Twombly* Standard.

As she did in her Report and Recommendation as to Olvera and Dominguez, the Magistrate erred by ignoring the well-established plausibility standard, which required her to view the facts in the light most favorable to the Plaintiffs. In her Report and Recommendation, the Magistrate stated: "Under the facts alleged, **the City of Brownsville** properly trained Olvera

and Dominguez how to respond to this situation and those officers ignored their training." (ECF No. 36 at 12 (bold added); *see also* ECF No. 36 at 11 ("As previously stated, the complaint alleges that Olvera and Dominguez were given training at the police academy about the need to screen arrestees to determine if they need medical attention.")

Here, in finding that the plaintiffs alleged that **the City of Brownsville** provided training to Olvera and Dominguez, the Magistrate referenced paragraph 43 of the First Amended Complaint, which provided:

> On information and belief, Olvera and Dominguez **likely attended police academy training**. During this training, they likely learned that they—when responding to car crashes—have a responsibility to act in good faith to provide emergency medical services to those occupants of vehicles involved in car crashes. At this police academy training, Olvera and Dominguez very likely learned that they should have conducted a head-to-toe assessment for people in Veronica's situation. And they would have very likely learned to recognize appropriate first aid measures for internal bleeding—including calling EMS or taking victims to a hospital where needed.

(ECF No. 27 at 6, FAC ¶ 43 (bold added).) But nowhere in the First Amended Complaint did Plaintiffs allege that *the City of Brownsville* provided this training. (ECF No. 27, FAC ¶¶ 1–215.) A cursory search on google demonstrates that there are multiple locations in the Rio Grande Valley to attend police academy training. For example, the Criminal Justice Institute at the Texas Southmost College offers a 752 hour Basic Police Officer Certification Course, and its website refers to this course as "police academy." *See* Criminal Justice Institute, available at *https://www.tsc.edu/workforce-training-and-career-education/criminal-justice-institute/* (last visited August 23, 2023). Similarly, South Texas College offers a "full-time **police academy**," which is a "22-week program." *See* South Texas College Police Academy at 2, available at https://www.southtexascollege.edu/academics/law-enforcement/pdf/Police-Academy-Information.pdf (last visited August 23, 2023) (bold added).

The Magistrate, in assuming that Olvera and Dominguez received their "police academy training" *from the City of Brownsville*, failed to adhere to the required standard, which required her to view the facts in the light most favorable to the Plaintiffs. Instead of viewing the facts in the light most favorable to Plaintiffs, the Magistrate instead viewed the facts alleged in the light most favorable to the defendants. Plaintiffs object to this plain error.

2. <u>The Magistrate Failed to Recognize that Plaintiffs Are Entitled to Plead Alternative Claims at the Pleading Stage.</u>

Even if the Plaintiffs had specifically pleaded that the *City of Brownsville* had properly trained Olvera and Dominguez (again, Plaintiffs did not plead that), the Magistrate's analysis would still be erroneous because the Magistrate overlooked Federal Rule of Civil Procedure 8(d). Federal Rule of Civil Procedure 8(d) provides, in relevant part:

> (d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
>
> (2) *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
>
> (3) *Inconsistent Claims or Defenses***.** A party may state as many separate claims or defenses as it has, **regardless of consistency**.

Fed. R. Civ. P. 8(d)(2–3) (bold added). "It is well established that [FRCP 8(d)(3)] allow[s] a plaintiff to plead alternative theories of recovery, even if those theories are inconsistent *or are based on inconsistent allegations of fact*." *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019 WL 6525188, at *3 (W.D. Tex. Dec. 3, 2019) (emphasis added).

At the pleading stage, Plaintiffs are allowed to plead "inconsistent allegations of fact." *Oppenheimer*, 2019 WL 6525188 at *3. For purposes of their claims against Olvera and Dominguez, Plaintiffs were allowed to plead that Olvera and Dominguez "likely attended police academy training" (ECF No. 27 at 6, FAC ¶ 43) even if this allegation were inconsistent with

Plaintiffs' claim against the City of Brownsville that the City was "deliberately indifferent in adopting its inadequate training policy." (ECF No. 27 at 23, FAC ¶ 175.)

The Magistrate's decision to use an allegation supporting Plaintiffs' claims against Olvera and Dominguez as a basis to dismiss Plaintiffs' claims against the City was erroneous because it ignores the well-established Rule 8(d)(3), which allows for inconsistent factual allegations at the pleading stage. Plaintiffs object and respectfully urge the Court to correct the Magistrate's error.

**B. The Magistrate Erred in Her Legal Conclusions Related to Her "Failure to Train" Analysis.**

1. <u>The Magistrate Erred in Failing to Consider Whether Plaintiffs' Allegations Provided Sufficient Notice by Referring to the Specific Topic of the Challenged Policy or Training Inadequacy.</u>

In their Opposition to the City's Motion to Dismiss, Plaintiffs argued that "because it is exceedingly rare that a plaintiff would have access to specific details of internal policies or training procedures prior to discovery, only minimal factual allegations are required at the motion to dismiss stage for a *Monell* claim." (ECF No. 20 at 3.) Plaintiffs referred to this pleading requirement for a *Monell* claim as a "middle-ground approach" that was adopted in *Thomas v. City of Galveston, Texas*, 800 F. Supp. 2d 826, 841 (S.D. Tex. 2011). (ECF No. 20 at 3–4.) Plaintiffs noted that "the Honorable Fernando Rodriguez Jr. recently adopted a Report and Recommendation that adopted the middle-ground *Monell* pleading standard discussed in *Thomas*." (ECF No. 20 at 5 (citation omitted).)

Plaintiffs explained that under this middle-ground approach, "'[a]llegations that provide [sufficient] notice . . . include, but are not limited to, past incidents of misconduct to others, multiple harms that occurred to the plaintiff himself, misconduct that occurred in the open, the

involvement of multiple officials in the misconduct, or the **specific topic of the challenged policy or training inadequacy**.'" (ECF No. 20 at 4 (citation omitted).)

The Magistrate acknowledged that that these types of allegations are sufficient to state a *Monell* claim at the pleading stage, but conclusorily held that "[t]he Plaintiffs do not even meet this standard." (ECF No. 36.) The Magistrate reasoned that Plaintiffs did not meet this standard because the facts of this case are distinct from the facts of *Alanis-Mejia v. Cameron County, Texas*, 2023 WL 4109784 at *6 (S.D. Tex. May 17, 2023). (*See* ECF No. 36 at 9.) The Magistrate noted that the plaintiff in *Alanis* had pleaded "past incidents of misconduct to others" and noted that the Plaintiffs in this case did not plead past incidents of misconduct to others. (*See* ECF No. 36 at 9 ("The Court found that the existence of the two prior incidents made Alanis-Mejia's municipal liability claim . . . plausible.").)

In concluding that the Plaintiffs failed to meet the middle-ground pleading approach, the Magistrate did not consider whether Plaintiffs had alleged "misconduct that occurred in the open." (*See* ECF No. 36 at 9.) Nor did the Magistrate consider whether Plaintiffs had alleged "the involvement of multiple officials in the misconduct." (*See* ECF No. 36 at 9.) Nor did the Magistrate consider whether Plaintiffs pleaded facts relevant to "the specific topic of the challenged policy or training inadequacy." (*See* ECF No. 36 at 9.) The Magistrate erred in selecting just one of many ways that Plaintiffs could satisfy the required pleading standard and in *completely ignoring the other ways to satisfy that standard.* Plaintiffs, relying on *Schaefer v. Whitted*, 121 F. Supp. 3d 701, 719–20 (W.D. Tex. 2015), argued that "'[b]ecause Plaintiffs' allegations refer to the **specific topic of the challenged training inadequacy**, they provide the City of Brownsville with adequate notice of the Fourth Claim for Relief." (ECF No. 20 at 11

(bold added) (cleaned up).) The Magistrate erred because she did not consider whether Plaintiffs' allegations referred to the specific topic of the challenged training inadequacy.

2. <u>The Magistrate Erred in Relying on *Brown v. Bryan County* and the King James Bible as a Basis to Dismiss Plaintiffs' Failure to Train Claim.</u>

The Magistrate's reliance on *Brown v. Bryan Cnty., OK*, 219 F.3d 450 (5th Cir. 2000) and the King James Bible demonstrates the Magistrate's continued confusion regarding the standard that applies at this stage of the proceedings.

The Magistrate noted that "[t]he Fifth Circuit has consistently rejected nearly every attempt to use the single incident exception to demonstrate a constitutionally inadequate training program." (ECF No. 36 at 9–10.) The Magistrate further reasoned: "[t]he only time that the Fifth Circuit **found** municipal liability for a single incident involved a sheriff hiring his great-nephew as a reserve deputy, even though the great-nephew had an extensive criminal history, including an active warrant for his arrest and unleased him on the public with no training." (ECF No. 36 at 10 (bold added) (citing *Brown v. Bryan Cnty*., *OK*, 219 F.3d 450, 458 (5th Cir. 2000). The Magistrate appeared to rely on her perception that the Fifth Circuit views the single-incident exception disfavorably as a basis to hold that "[t]he complaint does not clear the high hurdle to use the single incident exception." (*See* ECF No. 36 at 11.)

The Magistrate's reasoning is flawed for at least two reasons. First, an appellate court does not "find" "municipal liability." It is well-established that an appellate court does not find facts. Second, in *Brown,* the Fifth Circuit "conclude[d] that the decision not to train [a sheriff's deputy] was a policy choice on which § 1983 liability can lie" and affirmed the district court's denial of the county defendant's "motion for judgment as a matter of law." *Brown*, 219 F.3d at 465. Thus, as can be seen, *Brown* was not resolved on a motion to dismiss. The Magistrate' reliance on *Brown* is misplaced because the question for the Magistrate was *not* how many times

the Fifth Circuit has affirmed § 1983 liability based on the single-incident exception. The question was whether Plaintiffs, under the middle-ground approach adopted by this Court, adequately pleaded facts sufficient to state a claim under the single-incident exception. They have. The Magistrate's analysis is flawed.

The Magistrate's reference to the King James Bible further demonstrates the Magistrate's confusion about the question for the Court at this stage of the proceedings. The Magistrate, "paraphras[ing] the Sermon on the Mount," reasoned that "it is easier for a camel to go through the eye of a needle than it is for a plaintiff to use the single incident exception ***to prove*** municipal liability." (ECF No. 36 at 9 (emphasis added) (citing Matthew 19:24 (King James).) Again, at this stage of the proceedings, the question for the Court is not whether Plaintiffs have "proven" their claim under the single incident exception. The question is simply whether Plaintiffs have adequately alleged facts under the middle-ground standard that allows the Court to draw a reasonable inference that the City is liable for the conduct alleged. The Magistrate's errors in applying the correct standards permeate both of her Recommendations. The Court should reject the Magistrate's Recommendation and correctly apply the applicable standards.

3. The Magistrate Likely Erred in Holding that a Requirement of the Single-Incident Exception Is that the Government Actor Receive No Training.

The Magistrate appeared to hold that a "requirement" of the single-incident exception is that the government actor receive "no training whatsoever." (ECF No. 36 at 11.) The Magistrate stated: "The Fifth Circuit has stated that the single incident exception is 'generally reserved for those cases in which the government actor was provided no training whatsoever.' However, the complaint contradicts this **requirement**." (ECF No. 36 at 11 (bold added) (quoting *Edwards v. City of Balch Springs, Texas*, 70 F.4th 302, 312–13 (5th Cir. 2023). The Magistrate likely erred because this does not appear to be a requirement in the Fifth Circuit. "By stating the single-

incident exception is ‘generally’ reserved for instances in which an officer received no training at all, [the Fifth Circuit] recognized *some* training, but a failure to train in an obviously needed area, could still establish deliberate indifference towards a constitutional right.” *Degollado v. Solis*, 617 F. Supp. 3d 668, 682 (S.D. Tex. 2022). Further, as noted above, the Magistrate was only able to conclude that the First Amended Complaint alleges that Olvera and Dominguez received someone training from the City of Brownsville by (1) viewing the facts in the light most favorable to *the City* and (2) ignoring Federal Rule of Civil Procedure 8(d), which allows Plaintiffs to plead alternative and inconsistent facts.

The Magistrate did not view the First Amended Complaint in the light most favorable to Plaintiffs. The Court should correct the Magistrate’s errors, SUSTAIN Plaintiffs’ Objections, and DENY the City’s Motion to Dismiss.

## II. Plaintiffs Object to the Magistrate’s Legal Conclusions Contained in the “Failure to Supervise” Section of her Recommendation.

Plaintiffs object to the Magistrate’s legal conclusions related to her “Failure to Supervise” analysis. (ECF No. 36 at 12–13.) As an initial matter, Plaintiffs note that their Fifth Claim for Relief as to the jail guards is a “failure to train/supervise” claim as to the City of Brownsville. (ECF No. 27 at 25–27.) But the Magistrate only analyzed this claim as a pure failure to supervise claim. (ECF No. 36 at 12–13.) For the reasons stated in their Opposition to the Motion to Dismiss, Plaintiffs Fifth Claim for Relief survives under the middle-ground approach. (*See* ECF No. 20 at 11–14.)

Plaintiffs object because the Magistrate failed to consider whether Plaintiffs’ allegations “refer to ‘the specific topic of the challenged training inadequacy,’” and thus “‘provide the City of Brownsville with adequate notice of the’ Fifth Claim for Relief.” (*Compare* ECF No. at 11–14 (quoting *Schaefer*, 121 F. Supp. 3d at 719–20) *with* ECF No. 36 at 12–13.)

Plaintiffs also object because the Magistrate's entire analysis was based on a single Fifth Circuit case relating to failure to supervise. Just because "[t]here have been no similar facts alleged in this case" as those contained in *Covington* does not mean that Plaintiffs' claims necessarily fail at this stage of the proceedings. Based on the lenient middle-ground approach, and for the reasons stated in Plaintiffs' Opposition, Plaintiffs' Fifth Claim for relief survives.

Plaintiffs respectfully request that the Court SUSTAIN their objection, and DENY the City's Motion to Dismiss.

## III. <u>Plaintiffs Object to the Magistrate's Legal Conclusions Contained in the "Failure to Promulgate" Section of her Recommendation.</u>

Plaintiffs object to the Magistrate's legal conclusions related to her "Failure to Promulgate" analysis. (ECF No. 36 at 13–15.)

First, the Magistrate concluded that "Plaintiffs have not pled facts showing that any city employee acted with subjective indifference to Carmona's serious medical needs." (ECF No. 36 at 14.) For the reasons stated in Plaintiffs' Opposition to the City's Motion to Dismiss (ECF No. 20 at 15–16) and in the Plaintiffs' Objection to the Magistrate's Recommendation as to Olvera and Dominguez, this holding was clearly erroneous.

Second, the Magistrate concluded that Plaintiffs' allegations of a custom or policy were conclusory. (*See* ECF No. 36 at 15 ("These allegations are no more than 'generic, boilerplate recitations of the elements of claims against a municipality for an unconstitutional custom or practice and thus do not raise a plausible claim . . . ."). Plaintiffs object because their allegations are not conclusory. "Conclusory allegations either state an inference without stating the facts from which the inference derives or lack any 'factual enhancement.'" *United States v. Jenks*, No. 20-4023, 2022 WL 1252366, at *4 (10th Cir. Apr. 28, 2022). Here, Plaintiffs specifically alleged

> On information and belief, the Brownsville City Jail may have a facially valid policy to screen detained individuals for injuries.
>
> On information and belief, the Brownsville City Jail may have a facially valid policy to check inmates at regularly scheduled intervals.

(ECF No. 27 at 25, FAC ¶¶ 186–87.) Plaintiffs further alleged, despite these facially valid policies that "[t]he Brownsville City Jail had a widespread custom of jail guards violating (1) the medical screening provision of the Brownsville City Jail and (2) the policy requiring inmates be checked at regularly scheduled intervals." (ECF No. 27 at 28, FAC ¶ 207.) And Plaintiffs alleged that "[t]his custom was evidenced by John Doe Defendants' failure to medically screen Veronica." (ECF No. 27 at 28, FAC ¶ 208.)

Plaintiffs object to the Magistrate's conclusion that Plaintiffs' allegations are conclusory or "boilerplate," because Plaintiffs state the facts (Veronica's death after not receiving a medical screening despite a policy requiring a medical screening) from which the inference derives (that Veronica was not the only inmate that his happened to, making it a custom). Again, under the lenient middle-ground approach that this Court has adopted, Plaintiffs' allegations are sufficient to survive a motion to dismiss and proceed to discovery.

Plaintiffs respectfully request that the Court SUSTAIN their objection and DENY the Defendants' Motion to Dismiss.

## IV. **Plaintiffs Object Because the Pending Motion to Dismiss Is As to a Non-Operative Complaint.**

The City's pending Motion to Dismiss was filed before the First Amended Complaint was filed. Thus, the pending Motion to Dismiss is as to a non-operative pleading. The Magistrate's decision to allow the City to file a reply in support of the Motion to Dismiss was procedurally improper. The Magistrate should have instead ordered the City to file a Motion to Dismiss that addressed the new factual allegations contained in the First Amended Complaint.

If the Court is not inclined to DENY the City's Motion to Dismiss, it should SUSTAIN Plaintiffs' objection and hold that the pending Motion to Dismiss, (ECF No. 15) is MOOT by virtue of the filing of the First Amended Complaint.

**Conclusion**

Plaintiffs respectfully urge the Court to SUSTAIN their Objections, DENY the City's Motion to Dismiss, and allow this case to proceed to discovery. Plaintiffs respectfully request the opportunity to present oral argument on their Objections.

Respectfully submitted this 29th of August, 2023,

LAW OFFICE OF NICOLAS C. WILDE LLC

By: */s/ Nicolas C. Wilde*
Nicolas C. Wilde
Texas Bar Number: 24129400
Federal Bar Number: UT15768
Law Office of Nicolas C. Wilde LLC
32 West 200 South PMB # 123
Salt Lake City, Utah 84101
Telephone: (801) 949-3088
Email: nick@ncwildelaw.com

AMADOR LAW FIRM
Cesar E. Amador
Federal Bar No.: 3341377
SBN: 24105367
Cesar A. Amador
Federal Bar No.: 8966
SBN: 01136040
2406 Thor's Hammer Boulevard
Brownsville, Texas 78526
Telephone: 832.757.1210
Fax: 832.626.3036
Email: amador@amadorfirm.com

*Attorneys for Plaintiffs*