Case 1:23-cv-00084   Document 47   Filed on 02/13/24 in TXSD   Page 1 of 20

United States District Court
Southern District of Texas
**ENTERED**
February 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IGNACIA CARMONA, *et al.*, § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:23-cv-84 |
| § | |
| CITY OF BROWNSVILLE, *et al.*, § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION ON DENIAL OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DISMISSAL OF JOHN DOE DEFENDANTS 1-15

**I.  Synopsis**

On June 2, 2023, Ignacia Carmona, both in her capacity as the mother of Veronica Carmona ("Carmona") and as the representative of her estate and as the next friend of Veronica's children (collectively "Plaintiffs"), filed suit in this Court. Dkt. No. 1. Carmona died in police custody after several vehicular accidents. The Plaintiffs sued the City of Brownsville, officer Jesus Olvera, officer Pedro Dominguez, and John Doe defendants 1-15. *Id*. As relevant here, the Plaintiffs sued John Doe defendants for violations of Carmona's Fourteenth Amendment rights under the United States Constitution. *Id*. On July 31, 2023, the Plaintiffs filed an amended complaint. Dkt. No. 27.

On August 31, 2023, Plaintiffs filed a motion for leave to file a second amended complaint to add the name of Joan Sellers as a defendant. Dkt. No. 40. Plaintiffs also include a motion to extend the service deadline by 90 days. *Id.* Plaintiffs argue good cause exists to grant leave to further amend, and futility does not bar the proposed amendments. *Id.*

Defendants have responded in opposition to Plaintiffs leave to amend, arguing futility as a bar to amendment and raising the statute of limitations as an affirmative defense. Dkt. No. 43.

After reviewing the record and the relevant caselaw, it is RECOMMENDED that the Plaintiffs' Motion for Leave to File Second Amended Complaint and Motion to Extend Service Deadline be DENIED WITH PREJUDICE. The Court finds Plaintiffs failed to demonstrate good cause for further leave to amend their complaint a second time.

As Plaintiffs' first amended complaint, the operative complaint, fails to state a claim against John Doe defendants 1-15, it is FURTHER RECOMMENDED that Plaintiffs' claims against John Doe defendants 1-15 be DISMISSED WITH PREJUDICE. The Court also finds that any further attempted amendment to join additional parties on the operative complaint would be futile considering the applicable statute of limitations.

## II.    Background

### A.  Factual Background

On June 17, 2021, Carmona was driving a white Chevy Suburban in Brownsville. Dkt. No. 20-2, p. 2; Dkt. No. 27, p. 4. Carmona crashed into a traffic sign, drove into a parking lot, and then crashed into an unoccupied vehicle in the parking lot. Dkt. No. 27, pp. 4-5. After leaving the parking lot, Carmona crashed into a vehicle that was stopped at a traffic light. *Id*. Carmona then drove on the expressway, exited the expressway, and crashed into a brick apartment building. *Id*. The collision into the building was "severe" and caused the Suburban's airbags to deploy. *Id*. During this entire sequence of four crashes, the Brownsville Police Department received multiple emergency calls about a Chevy Suburban that was driving erratically. *Id*. The complaint admits that Carmona "may have been under the influence of alcohol and cocaine" during this time. *Id*.

Carmona had several visible injuries, including abrasions on her right arm, a contusion on her right hand, abrasions on her right thigh, a laceration on her right heel, a contusion on her left thigh, and an abrasion on her left foot. Dkt. No. 27, pp. 6-7.

Olvera and Dominguez arrived at the scene at the apartment building approximately two minutes after the crash. Dkt. No. 27, p. 7. Olvera and Dominguez were aware of the emergency calls concerning Carmona's other crashes and saw that the airbags had deployed. *Id*. They did not seek any medical attention for Carmona, even though she had

been involved in four vehicular accidents within a single night, including a crash into a brick building. *Id.* Olvera and Dominguez did not transport Carmona to a hospital or call for paramedics to examine her. *Id.* Instead, they took Carmona directly to the Brownsville city jail. *Id.* On the way to the jail, Carmona twice intentionally banged her head against the police partition panel, which the complaint describes as "bizarre behavior." *Id.*, p. 10.

After arriving at the jail, Carmona was not given any further medical treatment or screening. Dkt. No. 27, p. 10-11. Almost four hours after being booked in the jail, Carmona was found unresponsive. *Id.* She was declared dead shortly thereafter. *Id.* Carmona died from lacerations to her liver as a result of the multiple vehicular accidents. *Id.*

The complaint alleges that it is "widely known" that vehicular accidents can cause severe liver damage. Dkt. No. 1, pp. 5-6. The complaint also alleges that even a "layperson knows that car crashes pose a high degree of risk of internal bleeding to the occupants of the vehicle involved in a crash." *Id.*

The complaint alleges that during police academy training, Olvera and Dominguez "very likely learned that they should have conducted a head-to-toe assessment for people in Veronica's situation. And they would have very likely learned to recognize appropriate first aid measures for internal bleeding—including calling EMS or taking victims to a hospital where needed." Dkt. No. 27, p. 6.

### B. Procedural Background

On April 3, 2023, the Amador Law Firm sent a letter of representation alongside a Texas Public Information Act Information Request Form to the City of Brownsville requesting "any and all records/documents regarding the custodial death of Veronica Peranez Carmona …" Dkt. No. 40. p. 2.

On or around April 25, 2023, the City of Brownsville sent the Attorney General for the State of Texas a "written statement in support of its request for a decision "to withhold requested, responsive information." Dkt. No. 20-2, p. 5.

On June 2, 2023, the Plaintiffs filed a civil rights lawsuit against Olvera,

Dominguez, the City of Brownsville, and John Doe officers 1-15. Dkt. No. 1. As to Dominguez and Olvera, the Plaintiffs allege that they were deliberately indifferent to her serious medical needs by not seeking medical treatment for her, despite knowing she had been in multiple vehicular accidents and sustained visible injuries. Plaintiffs also made a claim of general negligence against Dominguez and Olvera. *Id.* As to the City of Brownsville, the Plaintiffs allege that the City's failure to adequately train and supervise its officers and jail officials violated Carmona's Fourteenth Amendment rights. *Id.* The Plaintiffs also alleged that the City failed to promulgate policies or enforce existing policies as to proper medical care for detainees. *Id.* The Plaintiffs made a wrongful death claim pursuant to Texas Civil Practices & Remedies Code § 71.002-.004. *Id.* The claim of general negligence was also brought against the City. *Id.*

On June 26, 2023, the Plaintiffs filed a motion seeking expedited discovery, arguing a need to determine the identities of individuals present at the Brownsville City Jail on the day of Veronica Carmona's death. Dkt No. 14.

On June 28, 2023, The Office of the Attorney General of Texas ("OAG") issued a ruling relating to the disclosure of the requested information, allowing some information to be withheld from the Plaintiffs as the information would be found through the normal course of discovery. Dkt. No. 18-1, p. 3. However, the OAG determined certain responsive documents, namely the CR-3 reports, should be given to the Plaintiffs. *Id.* at 5. Plaintiffs allege that Defendant City of Brownsville did not act in accordance with the mandates of the June 28, 2023, ruling to release record information. Dkt. No. 40, p. 3. The expectation of the Attorney General's Office was that within 10 calendar days of a ruling in favor of total or partial information release, the governmental body was required to: (1) release the public record  (2) notify the requestor of the exact day, time, and place that copies of the records will be provided or that the records can be inspected; (3) or notify the requestor of the governmental body's intent to challenge a letter ruling in court.[1] Though likely

---

[1] ATTORNEY GENERAL OF TEXAS, *Open Records Memorandum Rulings*, https://www.texasattorneygeneral.gov/open-government/governmental-bodies/open-records-memorandum-rulings (last visited Feb. 6, 2024) **[**https://perma.cc/WWL3-FC4H**]**.

untimely, Defendant City of Brownsville represented to the Court that they complied with the OAG's ruling and submitted the documents to the Plaintiffs as of September 12, 2023. Dkt. No. 42, p. 3. The responsive documents consist of the CR-3 crash reports which were also requested by the Court for consideration alongside Plaintiffs' instant motion. Dkt. No. 41. The Court's review of the CR-3 crash found reference to the names of responding officers, but, significantly, there is no mention of Joan Sellers, whom the Plaintiffs are now attempting to add as a defendant.

On June 29, 2023, Dominguez, Olvera, and the City of Brownsville timely filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 15; Dkt. No 16. Officers Dominguez and Olvera assert the protections of qualified immunity and argue that (1) the Plaintiffs have not pled facts showing that they were deliberately indifferent to Carmona's constitutional rights and (2) the Plaintiffs have not shown that Carmona's rights were clearly established. Dkt. No. 16. As to the failure to train/and or supervise claims against the City of Brownsville, the City argues that the Plaintiffs have failed to plead facts showing the existence of custom or policy of constitutional violations or even the existence of a constitutional violation. Dkt. No. 15. As to the claims for wrongful death and negligence, the City argues that Texas has not waived sovereign immunity for such claims. *Id.*

On July 20, 2023, Plaintiffs filed their responses to the motions to dismiss. Dkt. No. 20; Dkt. No. 21. The Plaintiffs argue that they alleged sufficient facts to show that Dominguez and Olvera were deliberately indifferent to Carmona's serious medical needs and that Carmona's constitutional rights were clearly established. Dkt. No. 21. As to their claims against the City of Brownsville, the Plaintiffs argue that they alleged sufficient facts to show that the City had an inadequate policy regarding medical care for arrestees, did not adequately train their officers, and did not appropriately supervise the jail officials. Dkt. No. 20. The Plaintiffs further argue that despite any direct pleading to prior incidents of City employees failing to provide medical care to detainees, this case falls within a "single

5

incident" exception to protections against municipal liability. *Id.*, at 6-7 (citing *Schaefer v. Whitted,* 121 F. Supp. 3d 701, 717 (W.D. Tex. 2015)).

On July 17, 2023, counsel for Olvera, Dominguez, and the City filed an Opposition Brief to Plaintiffs' Motion for Expedited Discovery. Dkt. No. 18. In that filing, Defendants argued that "the underlying incident involving interaction with the Brownsville Police Department occurred on June 17, 2021." *Id.* at 3.

On July 26, 2023, the Court entered an Order denying Plaintiffs' Motion for Expedited Discovery. Dkt. No. 24. The Court noted that "[t]he defendants have represented to the Court that the identities of the John Doe defendants would be revealed in the initial disclosures." *Id.*

On July 31, 2023, the Plaintiffs filed a first amended complaint. Dkt. No. 27. As to Dominguez and Olvera, the Plaintiffs continued to make claims of deliberate indifference. *Id.* As to the City of Brownsville, the Plaintiffs continued to make claims of inadequate training and supervision, as well as claims for failure to promulgate or enforce policies regarding medical care. *Id.* However, the Plaintiffs no longer made a claim of negligence against any of the named defendants. *Id.*

On August 4, 2023, all named Defendants re-urged their motions to dismiss in response to the Plaintiff's First Amended Complaint. Dkt. No. 28; Dkt. No. 29.

On August 7, 2023, this Court stayed discovery as to Officers Olvera and Dominguez. Dkt. No. 30.

On August 15, 2023, the City provided their Initial Disclosures, which contained the identity of "Sellers, Joan" as a possible witness and further described her as a "Detention Officer … involved in the booking process of" Carmona. Dkt. No 40., p. 4.

On August 16, 2023, this Court issued a Report and Recommendation as to the City of Brownsville's motion to dismiss under Fed. R. Civ. Pro. 12(b)(6). Dkt. No. 36. This Court recommended granting the dismissal based on Plaintiffs' failure to state a claim upon which relief can be granted in light of standards applied in the evaluation of municipal

6

liability. *Id*. at 15.

On August 16, 2023, this Court issued a Report and Recommendation as to Olvera and Dominguez's motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), their assertion of qualified immunity, Dkt. No. 35. The Court recommended granting the dismissal based on Plaintiffs' failure to plead sufficient facts to overcome the invocation of qualified immunity. *Id*. at 10. Concurrently, the Court stayed discovery as to the City of Brownsville. Dkt. No. 37.

On August 31, 2023, Plaintiffs filed their motion for leave to file a second amended complaint. Dkt. No. 40. Plaintiffs also requested a service deadline extension of 90 days to effectuate service on Joan Sellers as a new party. Plaintiffs allege good cause exists to amend the currently operative First Amended Complaint to add Joan Sellers and extend the service deadline. *Id.* at 4. More specifically, Plaintiffs argue that futility does not bar their claim, given the recent revelation of Joan Sellers identity. *Id* at 7. In the alternative, Plaintiffs argue a good faith basis to equitably toll the relevant statute of limitations based on the City's delay in exchanging requested discovery documents, namely the CR-3 accident reports. *Id.*

On September 06, 2023, the Court ordered Defendant's to file the CR-3 accident reports for in-camera review. Dkt. No. 41.

On September 12, 2023, the Defendants filed the requested documents under seal alongside their Response in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint. Dkt. No. 43.

On February 6, 2024, United States District Court Judge Fernando Rodriguez, Jr. adopted the recommendations of this Court. Dkt. No. 46. The City's Motion to Dismiss for Failure to State a Claim for Relief was granted, and all claims against the defendant City of Brownsville were dismissed with prejudice. *Id.* Officers Dominguez and Olvera's Motion to Dismiss, Assertion of Qualified Immunity, and Request for Stay of Discovery was granted. *Id.* All claims against Dominguez and Olvera were dismissed with prejudice.

*Id.*

## III. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id.*

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

### B. Failure to State a Claim: Rule 12(b)(6)

Upon a motion or *sua sponte*, a court may dismiss an action that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). Dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

Application of dismissal standards under Rule 12(b)(6) directs a court to accept a plaintiff's well-pleaded allegations as true but does not require the court accept as true legal conclusions couched as factual allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007). "In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. *Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan*, 960 F.3d 190, 194 (5th Cir. 2020). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

### C. Leave to Amend
#### a. Rule 15

When a plaintiff seeks to amend her complaint more than 21 days after serving it, she may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Since the language of Fed. R. Civ. P. 15(a) "evidences a bias in favor of granting leave to amend," the Court must find a substantial reason to deny such a request. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citations omitted). Leave to amend is not automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GMBH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012) (cleaned up)[2]. A district court "should consider factors such as (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party, and (5) futility of amendment." *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466-67 (5th Cir. 2012) (cleaned up).

---

[2] The Court uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See, eg., United States v. Reyes*, 866 F.3d 316, 321 (5th Cir. 2017).

### b. Futility

The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that the "amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 .3d 863, 873 (5th Cir. 2000). This standard is analogous to the standard set forth for the Court's analysis under a motion to dismiss citing Federal Rule of Civil Procedure 12(b)(6).

"A Rule 12(b)(6) motion to dismiss is appropriate for raising a statute of limitations defense when the facts comprising the defense appear on the face of the complaint." *Higdon v. Hensley*, 49 F.3d 728 at 3 (5th Cir. 1995). Application of the "statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that action is barred and the complaint fails to raise some basis for tolling." *Jones v. Alcoa, Inc.*, 339 F. 3d 359, 366 (5th Cir. 2003). Further, district court acts within its discretion when dismissing a motion to amend that is frivolous or futile. *Ayers v. Johnson*, 247 F App'x 534, 535 (5th Cir. 2007) (quoting *Martin's Herend Imports, Inc. v. Diamond Gem Trading U.S. of Am. Co.*, 195 F. 3d 765, 771 (5th Cir. 1999)).

### D. Statute of Limitations

### a. Discovery Rule

The Discovery Rule, as it is commonly known, is a "very limited exception to statutes of limitations, which defers the accrual of the cause of action until the injury was or could have reasonably been discovered." *Shell Oil Co. v. Ross,* 55 Tex. Sup. Ct. J. 223, 2011 WL 6277778, 5 (Tex. 2011) (internal citations omitted); *see also Weaver v. Witt*, 561 S.W.2d 792, 793-94 (Tex. 1977) (the discovery rule provides that the statute of limitations will run "not from the date of the [defendant's] wrongful act or omission, but from the date that the nature of the injury was or should have been discovered by the plaintiff."). "The determination of whether the discovery rule applies to a particular cause of action is a question of law." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990).

The Fifth Circuit has generally applied the discovery rule consistently with Texas'

interpretation. *See Dubose v. S. Ry. Co.*, 729 F. 2d 1026, 1030 (5th Cir. 1984) (explaining "the discovery rule applies when a plaintiff is not aware of and has had no reasonable opportunity to discover the critical facts of their injury and cause."). Awareness under the discovery rule and for accrual purposes does not mean actual knowledge; rather, all that must be shown is the existence of circumstances that would lead a reasonable person to investigate further." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015) (cleaned up).

A statute of limitations defense is an affirmative defense. *See* Fed. R. Civ. P. 8(c). Affirmative defenses, by their nature, "place the burden of proof on the party pleading it." *Frame v. City of Arlington*, 657 F.3d 215, 239 (5th Cir. 2011)(en banc)(footnote, quotation, and citations omitted); *see also* Tex. R. Civ. P. 94. It follows that "the party asserting a limitations defense bears the burden of proof to not only establish the applicability of the limitations statute, but also prove when the opponent's cause of action accrued in order to demonstrate the bar of limitations." *Intermedics v. Grady*, 683 S.W.2d 842, 845 (Tex. App. 1984); *In re Hinsley*, 201 F.3d 638, 645 (5th Cir. 2000). Consistent with their party position, defendants generally bear the burden of proof on the statute of limitations defense. *See generally Crescent Towing & Salvage Co. v. M/V Anax*, 40 F. 3d 741, 744 (5th Cir. 1994)

### b. Doctrine of Equitable Tolling

The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Alexander v. Cockrell*, 294 F. 3d 626, 629 (5th Cir. 2002). "For the court to apply the doctrine of equitable tolling, "a petitioner has the burden of showing (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (cleaned up).

Federal courts apply the doctrine of equitable tolling "sparingly" as a form of relief granted only in "exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-171 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F. 3d 806, 811 (5th Cir. 1998)). Despite a

defendant's possible role in delay, use of equitable estoppel to toll applicable statutes of limitations "does not hinge on intentional misconduct on the defendant's part. Rather the issue is whether the defendant's conduct, innocent or not, reasonably induced the plaintiff not to file suit within the limitations period." *McGregor v. Louisiana State Univ. Bd. of Supervisors,* 3 F.3d 850, 865-66 (5th Cir. 1993).

## IV. Analysis

In this analysis, the Court considers Plaintiffs' Motion for Leave to File Second Amended Complaint and Plaintiffs' Motion for Leave to Extend Service Deadline. Dkt. No. 40. The Plaintiffs' petition to amend to their compliant a second time to include Joan Sellers as a named defendant, thereby replacing one of the previously unidentified John Doe Defendants 1-15.[3] Further, the Court concurrently considers the viability of Plaintiffs' operative First Amended Complaint regarding John Doe Defendants 1-15. Dkt. No. 27. All claims by Plaintiffs in the proposed second amended complaint and operative first amended complaint are alleged under Title 42 U.S.C. § 1983.

### A. Statute of Limitations: Discovery Rule

#### a. Section 1983

As a general rule, defendants bear the burden of proof on the statute of limitations defense. *Crescent Towing & Salvage Co. v. M/V Anax*, 40 F. 3d 741, 744 (5th Cir. 1994); *KPMG Peat Marwick v. Harrison Cnty. Hsg. Fin. Corp.*, 988 S.W. 2d 746, 748 (Tex. 1999). Here, the affirmative defense is premised on claims brought under Section 1983, and "[t]he statute of limitations for a suit brought under §1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F. 3d 567, 576 (5th Cir. 2001). This, because Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker*

---

[3] The Court notes that Plaintiffs' Motion for Leave to File Second Amended Complaint also contains the name of Randy Rodriguez as a detention officer. However, there are no pending claims or motions for leave to amend to include claims against Randy Rodriguez in any capacity.

*v. McCollan*, 443 U.S. 137, 144 n.3 (1979). The State of Texas has a two-year statute of limitations for personal injury claims. Tex. Civ. Prac. & Rem. Code §16.003(a); *Piotrowski*, 237 F.3d at 576. The clock on the statute of limitations begins when "plaintiff knew or *should have known* of the wrongfully caused injury." *KPMG Peat Marwick v. Harrison Cty. Fin. Corp.*, 988 S.W. 2d 747, 749 (Tex. 1999) (emphasis added).

Defendants raise the statute of limitations defense in their responsive briefing, arguing that Plaintiff knew or should have known as early as April 4, 2023, that the incident date for statute of limitations purposes is June 17, 2021[4]. Dkt. No. 42, p. 2. Plaintiffs' Motion for Leave to File Second Amended Complaint and Motion to Extend Service Deadline came before the Court on August 31, 2023. Dkt. No. 40. After exchange of initial disclosures and receipt of the ruling of the OAG, Plaintiffs now attempt to add the name of Joan Sellers, a previously unidentified John Doe defendant.

Plaintiffs have failed to provide the Court with a concrete incident date despite the parties' progress through the discovery process and the information publicly available to them. Plaintiffs' Original Complaint, First Amended Complaint, and proposed Second Amendment complaint reference injury sometime "in the summer of 2021." Dkt. No. 1, p. 4; Dkt. No. 27, p. 24; Dkt. No. 40-1, p. 4. In their Motion for Leave to File Second Amended Complaint, Plaintiffs speak "in candor to the Court" and admit they "are in possession of documents indicating this incident occurred on June 17, 2021." Dkt. No. 40, p. 7.

Despite the conspicuous absence of an incident date in the Plaintiff's pleadings, publicly available information confirms a date of injury as June 17, 2021. This date arises from the OAG's custodial death report.[5] The custodial death report of Veronica Carmona Peranez states the report was publicly available as of July 7, 2022. Therefore, Plaintiffs

---

[4] On April 4, 2023, Plaintiffs, acting under The Texas Public Information Act, submitted an Information Request Form to the City of Brownsville requesting details of the custodial death of Veronica Carmona Peranez. Dkt. 20-2, p.2.

[5] ATTORNEY GENERAL OF TEXAS, *Custodial Death Report of Veronica Carmona Peranez*, https://oag.my.site.com/cdr/VIPForm__VIP_FormWizardPDF?id=a2Ct000000391izEAA&templateId=a2x5A000001M2UWQA0 [https://perma.cc/UW5U-YYPP]

should have reasonably known the timeclock for statute of limitations purposes began to run on June 17, 2021. It reasonably follows that any amendment to add a previously unknown defendant must come within two years of June 17, 2021. The instant motion for leave to amend the complaint a second time falls outside of this deadline, because it was filed on August 31, 2023.

Furthermore, any attempt to proceed on Plaintiffs' First Amended Complaint alleging Title 42 U.S.C. § 1983 claims against John Doe Defendants 1-15 also fails as the two-year statute of limitations has passed as to the addition of any unnamed defendants.

### b. Doctrine of Equitable Tolling

Both the doctrine of equitable tolling and the discovery rule require the exercise of due diligence. *Fritz v. Resurgent Capital Services, LP*, 955 F. Supp. 2d 163 (E.D. N.Y. 2013). In the application of equitable tolling, the Fifth Circuit has said, equitable tolling is not an excuse for ignorance; plaintiff must show that he or she could not have discovered the essential information bearing on the claim by the exercise of reasonable diligence. *Sutton v. Cain*, 722 F. 3d 312, 317 (5th Cir. 2013); *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir 1992). Here, the Plaintiffs plainly do not meet these standards. Plaintiffs argue that lack of access to the CR-3 reports underly their inability to access or identify the defendants. While true that the discovery process was delayed, the requested CR-3 reports do not name Joan Sellers. Dkt No. 43*SEALED.

In addressing the Plaintiffs claims regarding the delayed CR-3 reports, the core issue "does not hinge on intentional misconduct on the defendant's part." *McGregor v. Louisiana State Univ. Bd. of Supervisors,* 3 F.3d 850, 865-66 (5th Cir. 1993). Instead, the Court considers "whether the defendant's conduct, innocent or not, reasonably induced the Plaintiffs not to pursue these claims within the limitations period." *Id.* Here, the proper application of the doctrine of equitable tolling would require the Court to find Plaintiff relied on lack of access to the CR-3 reports to make determinations as to the filing of claims against Joan Sellers. Joan Sellers is not named in the CR-3 reports, and the Plaintiffs do

not substantively argue an alternative cause for delay in bringing their instant motion. Dkt. No. 43 *SEALED; Dkt. No. 40. Moreover, Plaintiffs do not attempt to name any other person provided in the CR-3 Report in place of a John Doe defendant. Therefore, the delay in acquiring the reports could not have reasonably induced Plaintiffs to delay in filing their Motion for Leave to File a Second Amended Complaint.

Plaintiffs' request that the Court equitably toll the limitations period to allow amendment lacks support in the record. The Plaintiffs have not presented facts that warrant or justify application of the equitable tolling doctrine in this case. In fact, Plaintiffs have provided to the Court documentation to support knowledge of the date of injury as early as April 4, 2023. Dkt. No. 20-2, p. 2. Plaintiffs' make no direct assertion as to when they came into possession of documents containing the June 17, 2021, date but admit possession of such documents. Dkt. No. 40, p. 7. The Plaintiffs initiated a The Texas Public Information Act (TPIA) request and self-listed a date of incident or injury of June 17, 2021. Dkt. No. 20-2, p.2. It follows that Plaintiffs knew, or should have known, the two-year limitations period would lapse on June 17, 2023. Moreover, Plaintiffs' claims stem from the unfortunate death of Carmona shortly after being held in the custody of the City of Brownsville. Dkt. No. 27. The dates of Carmona's arrest and death should have been known to the Plaintiffs soon after their occurrence.

Any additional amendment of Plaintiffs' operative first amended complaint is ineligible for relation back to the complaint as a reference date. ("[A]n amendment to substitute a named party for a John Doe does not relate back under rule 15(c)."); accord. *Balle v. Nueces Cty.*, 952 F.3d 552, 557 (5th Cir. 2017); *Winzer v. Kaufman Cty.*, 916 F.3d 464, 471 (5th Cir. 2019) ("Thus, to the extent Appellants sued 'unknown officers,' they cannot use these 'John Doe' claims to now substitute in Cuellar and Huddleston after the limitations period."). The Court recommends any and all future amendments made with the intent to substitute John Doe defendants 1-15 with an identified name follow the reasoning herein and should be denied accordingly.

### B. Failure to State Claim: Rule 12(b)(6)

Plaintiffs argue that under the governing 12(b)(6) standard, amendment should be granted, because "it is not clear from the face of Plaintiffs' proposed Second Amended Complaint that the statute of limitations has passed." Dkt. No. 40, p. 6. Plaintiffs' first amended complaint also omits a specific date of harm instead only vaguely referencing "summer of 2021." Dkt. No. 27, p. 4. "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense." Fed. R. Civ. P. 8(c); *Jones v. Bock*, 127 S. Ct. 910¸ 920-921.

Additionally, the Plaintiffs claims against both Joan Sellers and John Doe Defendants 1-15 must overcome an independent statute of limitations challenge. *See Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983) ("[t]he statute of limitations [applicable to a §1983 claim] may serve as a proper ground for dismissal under Federal Rule of Civil Procedure 12(b)(6)"). Analysis for statute of limitations purposes under a Rule 12(b)(6) challenge includes a court's review of documents contained within the public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (explaining "it is also clearly proper in deciding a Rule 12(b)(6) motion to take judicial notice of matters of public record"); *See also Cinel v. Connick*, 15 F .3d 1338, 1343 n. 6 (5th Cir. 1994). Here, Plaintiffs' claims necessarily reference the date of injurious incident which coincides with publicly available information.

The Court finds that the case record as a whole contains repeated references to the June 17, 2021, that same date is available for public review, and Plaintiffs own admissions make obvious the date from which statute of limitation begins is June 17, 2021. The Court cannot blind itself to obvious nature of the date of injury in this case. "Justice is blind, but such blindness does not include a state of insensibility to that which is so obvious." *Trahan*

16

*v. Superior Oil Company*, 204 F. Supp. 627 (W.D. La. 1962).

To succeed in their argument that leave to amend overcomes a Rule (12)(b) challenge, the Plaintiffs must show that "given (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken, their claim remains facially plausible." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Plaintiffs argue that because "they, as masters of their pleadings, did not allege the date the incident occurred, a 12(b)(6) motion based on the affirmative defense of limitations cannot be brought." Dkt. No. 40, p. 7. Plaintiffs' claims allege fatally injurious actions on the part of the Defendants. Dkt. No. 27; Dkt. No. 40. The named Plaintiff of this case sues as "presumed independent administrator" of the deceased Carmona's estate. Dkt. No. 27, p. 2. Consequently, the Plaintiffs' timeline must bear some relation to the publicly known and accepted date of death; yet they ask the Court to ignore a basic fact readily accessible from the public record. The publicly available facts of which this court takes judicial notice allege a date of death of Veronica Peranez Carmona of June 17, 2021.

As the Plaintiffs cannot overcome the raised statute of limitation defense as to the newly added defendant Joan Sellers in the proposed second amended complaint, the Motion for Leave to File a Second Amended Complaint is denied for failing to state a claim under Rule 12(b)(6). The Court notes the same failure to state a claim under Rule 12(b)(6) for the passage of the statute of limitations applies to John Doe defendants 1-15 in Plaintiffs' First Amended Complaint.

"The broad rule is that a district court may dismiss a claim on its own motion as long as the procedure employed is fair. More specifically, fairness in this context requires both notice of the court's intention and an opportunity to respond before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021)(cleaned up); *see also Lozano*, 489 F.3d at 643 (discussing precedents that generally require "both notice of the court's intention and an opportunity to respond" before *sua sponte* dismissal with

17

prejudice (quotation omitted)). The Fifth Circuit has explained that a Magistrate Judge's report and recommendation provides sufficient notice of a court's intention to dismiss and ample time for a response. *Alexander v. Trump,* 753 F. App'x 201, 208 (5th Cir. 2018)(citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)). Accordingly, the Courts recommends the claims against John Doe defendants 1-15 be dismissed, and the Plaintiff should be barred from further filing to amend to include the name of additional parties.

### C. Leave to Amend: Futility of the Amendment Under Rule 15(a)

The Plaintiffs argue that amendment would not be futile, because "it is not 'apparent from the face of the' proposed Second Amended Complaint that the statute of limitations as to Joan Sellers has passed." "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to the determination of futility under a Rule 15 analysis. *Striping v. Jordan Prod. Co., LLC*, 234 F.3d 863,873 (5th Cir. 2000). Plaintiffs contend that as "masters of their pleading, they did not allege the date the incident occurred." Dkt. No. 40, p. 7.

Any attempt to argue against futility of amendment based on a failure to plead a date of incident must be viewed within the context of the complaints with the Court accepting all well-pleaded facts as true. Both the operative First Amended Complaint and proposed Second Amended Complaint contain allegations that "in the summer of 2021, during the early evening hours, the Brownsville Police received multiple calls regarding a reckless driver of a white Chevy Suburban" and "Veronica was the driver of the white Chevy Suburban." Dkt. No. 27, pp. 4-5.; Dkt. No. 40-1, pp. 4-5. In their First Amended Complaint, Plaintiffs identified the John Doe officers 1-15 as "jail guards employed at the City of Brownsville or are other Brownsville employees or former employees who were involved in Veronica's death." Dkt. No. 27, p. 3. Now, Plaintiffs proposed Second Amended Complaint includes the addition of a previously unidentified John Doe officer, Joan Sellers, who was identified in discovery disclosures as a "Detention Officer" who was

18

"involved in the booking process of" Carmona. Dkt. No. 40-1; Dkt. No. 40, p. 4. The Court may, and does, take judicial notice of the OAG's Custodial Death Report which lists both the "Date/Time of Custody" and the "Date/Time of Death" as occurring on June 17, 2021. Despite Plaintiffs' argument that "named defendants argued – *without citing the complaint or any attachment to the complaint* – that the 'underlying incident … occurred on June 17, 2021," the Court finds constructive notice of the underlying incident date as June 17, 2021. Dkt. No. 40, p. 4. Arguments against knowledge of the underlying incident date are not made in good faith but rather, they are made in effort to circumvent the procedural safeguards for timely complaints. Plaintiffs' arguments point to their actions as a purposeful omission of facts rather than a reasonable response in light of newly discovered evidence. When taking the allegations in the complaint and their underlying facts to be true, the Court finds that any amendment is futile as to both officer Joan Sellers and John Doe Defendants 1 -15.

**V.     Recommendation**

It is recommended that the Plaintiffs' Motion for Leave to File Second Amended Complaint and Motion to Extend Service Deadline be denied for failure to state a claim upon which relief can be granted. Dkt. No. 40. It is further recommended that the claims against John Doe defendants 1-15 be dismissed with prejudice, because the operative Plaintiffs' First Amended Complaint against John Doe Defendants 1-15 fails to state a claim upon which relief may be granted. Dkt. No. 27

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). This Report and Recommendation shall serve as notice of the Plaintiffs' procedural defaults, and the

objection period shall serve as opportunity to respond to these defects. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on February 13, 2024.

Karen Betancourt
United States Magistrate Judge